IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 05 CR 0490 |
| | ) | |
| | ) | |
| PARAMBALOTH EDWIN | ) | |

# MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Parambaloth Edwin's ("Edwin") pretrial motions. For the reasons stated below, we deny in part and continue in part Edwin's pretrial motions.

I. Motion for Bill of Particulars

Edwin requests that the court order the government to provide a bill of particulars. Pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, a court may direct the government to file a bill of particulars. Specifically, Rule 7(f) provides that:

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

Fed. R. Crim. P. 7(f). In deciding whether a bill of particulars is necessary, a court must determine "whether the government's indictment sufficiently apprises the

defendant of the charges to enable him to prepare for trial." *See United States v. Canino*, 949 F.2d 928, 949 (7th Cir. 1991)(citing *United States v. Kendall*, 665 F.2d 126, 134 (7th Cir. 1981)). In addition, the Seventh Circuit has found that a court does not abuse its discretion in denying a motion for bill of particulars where the "indictment indicated the statute under which defendants were being charged, set forth each of the elements constituting a violation of that statute, and provided sufficient details regarding the defendants conduct for which they were being charged." *United States v. Fassnacht,* 332 F.3d 440, 446 (7th Cir. 2003).

In Edwin's motion for a bill of particulars, he makes a variety of overly broad requests that are not required of the government and that are the same as Edwin's discovery requests. As is indicated above, the government is not required to provide an exhaustive list of details in the indictment. Edwin specifically requests information in regard to Counts One through Twelve, such as the date on which the offense occurred, the exact location where the offense occurred, and a description of the exact facts involved in each offense. The government has provided Edwin with various discovery materials, such as medical records, a list of known individuals responsible for each offense, and a synopsis of the details of the offenses listed in Counts one through twelve, such as the date and the type of drug involved. Based upon the information provided in the indictment and the materials provided to Edwin in discovery, we conclude that Edwin has been provided with sufficient information regrading the charges in Counts one through twelve that are being brought against him for him to prepare for trial.

Edwin also requests additional information in regard to Counts Thirteen through Seventeen, such as the exact dates of the offenses and the exact facts surrounding all actions that were knowing and intentional. The government has provided Edwin with discovery materials that contain such information and, based upon such information and the allegations included in the indictment, we conclude that a bill of particulars is not warranted for Counts thirteen through seventeen. Therefore, we deny Edwin's motion for a bill of particulars in its entirety.

II. Motion to Dismiss Indictment Based on Probable Cause Finding

Edwin has moved to dismiss the indictment, arguing that lay witnesses testifying before the grand jury could not conclude that the actions of Edwin were beyond the boundaries of a reasonable practitioner. Edwin argues that the grand jury needed to hear expert testimony before it could find sufficient probable cause to support the indictment. An indictment needs to be facially sufficient, which does not require an "exhaustive[] descri[ption] [of] the facts surrounding a crime's commission nor [a] lengthy explanations of the elements of the offense." *United States v. Bates*, 96 F.3d 964, 970 (7th Cir. 1996)(stating that "[f]acial sufficiency is not a high hurdle"). Pursuant to Federal Rule of Criminal Procedure 7(c)(1), "[t]he indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). An indictment is adequate if the indictment "(1) states all the elements of the offense charged; (2) informs the defendant of the nature of the charge, enabling the

defendant to prepare a defense; and (3) enables the defendant to plead the judgment as a bar to later prosecution for the same offense." *Bates*, 96 F.3d at 970(quoting *United States. v. F.J. Vollmer & Co., Inc.*, 1 F.3d 1511, 1518 (7th Cir.1993))(stating in addition that "[g]enerally, an indictment is sufficient when it sets forth the offense in the words of the statute itself, as long as those words expressly set forth all the elements necessary to constitute the offense intended to be punished")(quoting *United States v. Hinkle,* 637 F.2d 1154, 1157 (7th Cir.1981)).

In the instant action, the indictment is clearly sufficient on its face and adequately informs Edwin of the charges against him with the specificity and details required under the law. In regard to Edwin's argument that an expert is required for an indictment, the law makes no such requirement. As Rule of Evidence 702 makes clear, an expert witness is not supposed to supplant the role of the fact finder. Rather, an expert is merely supposed to be allowed to testify if the expert will "assist the trier of fact. . . ." Fed. R. Evid. 702. Therefore, we deny the motion to dismiss the indictment.

III. Motion for Disclosure of Expert Witnesses

Edwin requests that the court disclose any expert witnesses it intends to use at trial. The governments indicates that it is currently deliberating as to whether it will utilize an expert witness at trial. The government agrees to disclose its expert, if necessary, within the next two months. Therefore Edwin's motion for the disclosure

of the government's expert witness is denied as moot.


IV. Disclosure of Exculpatory Evidence

Edwin requests that the court order the government to make all necessary disclosure in accordance with *Brady v. Maryland,* 373 U.S. 83 (1963) and *Giglio v. United States,* 405 U.S. 150 (1972). We agree with the government that Edwin's requests in this respect are overly broad and beyond the requirements set forth in *Giglio* and *Brady*. For instance, the government is not required to provide a list of its intended witnesses at trial. *United States v. Braxton*, 877 F.2d 556, 560-61 (7th Cir. 1989). Neither has Edwin shown that there is sufficient justification to require the government to provide the identities of any informants that provided information in this case. *See, e.g., United States v. Andrus*, 775 F.2d 825, 841-42 (7th Cir. 1985)(stating that "[t]o determine whether the government is required to disclose the identity of the informant, the court must balance the public interest in obtaining information necessary to apprehend those who have committed crimes against the defendant's interest in a fair trial). In regards to Edwin's requests that fall within *Brady* and *Giglio* the government indicates that it had provided all such information in its possession and the government acknowledges its ongoing duty to make disclosures in accordance with *Brady* and *Giglio*. Edwin has not shown that the government has failed to comply with *Brady* and *Giglio* and therefore, we deny Edwin's motion for the production of exculpatory evidence as moot.

V. Retention and Preservation of Government Notes

Edwin requests that the court order the government to require all law enforcement officers that were involved in this case to retain and preserve all rough notes relating to this case. The government agrees to instruct all such officers to retain and preserve their notes. Therefore, we grant Edwin's motion for the retention and preservation of agents' rough notes.

VI. Bad Acts Evidence

Edwin requests that the court order the government to produce evidence of "other crimes, wrongs, or acts" pursuant to Federal Rule of Evidence 404(b) ("Rule 404(b)"). Rule 404(b) provides the following:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence in intends to introduce at trial.

Fed. R. Evid. 404(b). The government indicates that it will provide the general nature of such evidence prior to trial. Therefore, Edwin's motion for the production of Rule 404(b) evidence is denied as moot.

VII. Evidence of Patient Deaths

6

Edwin moves to preclude the government from introducing evidence concerning the deaths of certain patients under his care. The government indicates that it is currently deliberating as to whether or not it will introduce such evidence and requests that the motion be entered and continued until the government has an opportunity to discuss the matter with its prospective expert. Based on the above, we enter and continue the motion to preclude evidence of patient deaths in order to allow the government time to decide whether it will introduce such evidence.

VIII. Miscellaneous Discovery Requests

Edwin has also filed a motion seeking a variety of discovery from the government. Edwin requests reports explaining the use or influence of controlled substances on any trial witnesses and any evidence of threats or promises to witnesses. The government agrees to produce such information prior to trial and the request is therefore moot. Edwin also makes a request for oral or written evidence showing examinations, tests, or investigatory procedures. However, such a request is too vague and Edwin has not shown the government's production in such areas to be deficient.

Edwin also requests the production of certain investigatory guidelines. However, neither *Brady* nor *Giglio* requires the production of such information. Edwin also requests the production of contradictory statements and memoranda and tests, examination, statements and evidence that the government will not introduce at

trial. As indicated above, the government has already agreed to produce all such information as necessary in accordance with *Brady* and *Giglio*. Edwin asks to be allowed to inspect all tangible pieces of evidence and the government agrees to allow such an inspection.

Edwin additionally seeks the names and addresses of individuals that provided the government with tangible evidence. However, Edwin has not shown that there is a sufficient justification for the court to order that the identities of the government informants to be revealed. *See United States v. Spears*, 965 F.2d 262, 273 (7th Cir. 1992)(stating that the movant must show that there is a "genuine need for the identity of confidential sources). The policy of protecting the anonymity of confidential information in order to promote future sources is not outweighed by any concerns by Edwin in this matter concerning informants in this matter. The government acknowledges that if certain witnesses testify in the government's case-in-chief that some confidential sources may ultimately need to be identified. Therefore, we deny Edwin's request for the names and addresses of individuals that have provided the government with tangible evidence in this matter.

Edwin also seeks the pretrial disclosure of Jencks Act material. However, such disclosures are not required prior to trial. *See, e.g., United States v. Williams*, 536 F.2d 1202, 1204 (7th Cir. 1976). Therefore, we deny the request. Edwin also requests a pretrial disclosure of the government's witnesses, but such a disclosure is not required and is not warranted in this case. Therefore, we deny the request.

Edwin also requests for certain information relating to grand jury materials. A defendants seeking materials from grand jury proceedings "must show a particularized need for the review to overcome the presumption of secrecy embodied in the grand jury process." *United States v. Puglia*, 8 F.3d 478, 480 (7th Cir. 1993). Edwin has not provided a sufficient justification to allow him to view the grand jury materials and therefore his request is denied. Edwin also requests the names and telephone numbers of all persons having knowledge in this case and the government agrees to produce such evidence. Edwin also requests certain information pertaining to a situation where he would be tried with a co-defendant, but since he has not co-defendant in this case his requests are moot. Edwin requests evidence possessed by the government concerning his criminal record. The government indicates that it has no such evidence and the request is therefore denied as moot. Edwin requests the production of any surveillance photographs in this case. The government agrees to produce any such photographs to the extent that they exist. Therefore Edwin's request is denied as moot. The government has made it clear that no persons were offered immunity or favorable consideration for participation in this case and thus Edwin's requests concerning such matters are moot. The government has also made it clear that no polygraph, physical or mental examinations of Edwin have been conducted by the government and thus the requests pertaining to such mattes are moot. Edwin also requests the production of press releases pertaining to this case. However, such production by the government is required and the request is denied.

Finally, in regards to Edwin's remaining concerns, the government agrees to produce a list of Edwin's patients, and any log and sign in sheets, appointment books, invoices and dispensing logs, education documents, and cash or checks recovered during the search of Edwin's office. The government also indicates that the defense may inspect the government's files containing the patient contact forms and notices. Therefore, we deny Edwin's motion for discovery in its entirety.

IX. Motion to Dismiss Based on *Gonzalez*

Edwin requests that the court dismiss counts One though Twelve in light of the recent ruling in *Gonzales v. Oregon*, 126 S.Ct. 904 (2006). In *Gonzalez* the Court addressed the issue of whether the Attorney General could promulgate rules pursuant to the Controlled Substances Act ("CSA") such as an Interpretive Rule that was at issue in the case. *Id.* at 911. Edwin argues that the ruling in *Gonzalez* in effect struck down the "legitimate medical purpose" element of regulation 21 C.F.R. § 1306.04 which is at issue in the instant action. However, the holding in *Gonzales* did not affect the validity of the CSA's provisions or the regulations that are at issue in the instant action. Edwin's interpretation of the scope of the Court's ruling in *Gonzales* is overly broad and we will not adopt such an interpretation. Therefore, we deny Edwin's motion to dismiss.

**CONCLUSION**

Based on the foregoing analysis, we deny all of Edwin's pretrial motions except for the motion pertaining to the preclusion of evidence of patients' deaths, which is entered and continued.

_____
Samuel Der-Yeghiayan
United States District Court Judge


Dated: March 22, 2006